## STATE OF FLORIDA v MARANDA

### Case No. 86-209962TTA04

*County Court, Palm Beach County*

*March 17, 1987*

**APPEARANCES OF COUNSEL**

**Maureen Ackerman,** Assistant State Attorney, for plaintiff.

**Pamela G. Giltman, Essen & Essen, P.A.,** for defendant.

**OPINION OF THE COURT**

ROBERT M. GROSS, County Judge.

THIS CASE came before the Court for hearing on Defendant's Motion to Exclude Breath Test Results. Based on the evidence pre-

sented, the Court makes findings of fact and draws the following conclusions of law.

Defendant seeks to exclude the results of a breathalyzer test administered to him by the Boynton Beach Police Department. During December, 1986 and January, 1987, the Boynton Beach Police Department used an Intoxilyzer Model 5000 breathalyzer machine. The technician in charge of maintenance conducted monthly maintenance examinations for the months of December and January. One of the aspects of the monthly maintenance required by Rule 10D-42.024(1)(c), Florida Administrative Code, is to conduct alcohol standard tests. The purpose of such tests is to test the breathalyzer machine against a premeasured solution of known alcohol content. The December and January tests of the machine against standard .10% and .20% solutions are reflected in the following chart.

|  | .10% | .20% |
|---|---|---|
| December | .108 | .226 |
|  | .107 | .224 |
|  | .106 | .222 |
| January | .107 | .210 |
|  | .108 | .210 |
|  | .110 | .210 |

Looking at all 12 test readings taken in December and January, variations from the standards ranged from .006% to .026% W-V. Testimony in court established that, for the purpose of accuracy, a variation of .005% W/V is the maximum acceptable tolerance range for the machine.[1]

Section 316.193, Florida Statutes (1986 Supp.) provides that breathalyzer tests must be administered "substantially in accordance" with rules and regulations adopted by the Department of Health and Rehabilitative Services.

. . .such rules and regulations shall be adopted after public hearing, shall specify precisely the test or tests which are approved by the Department of Health and Rehabilitative Services for reliability of result and facility of administration, and shall provide an approved method of administration which shall be followed in all such tests

---

[1] The current version of Chapter 10D-42, F.A.C., is silent with regard to standards of accuracy for breathalyzer machines. However, the .005% variation standard finds support in Rule 10D-42.06(1)(c)2, F.A.C., which was repealed in 1977. In addition, standards for devices to measure breath alcohol promulgated by the National Highway Traffic Safety Administration provide for a maximum of .005% W/V as an acceptable range of error. 49 Fed. Reg. 20105 (1984).

given under this section . . . § 316.1932(1)(f)1, Fla. Stat. (1986 Supp.)

Section 316.1934(3), Florida Statutes (1986 Supp.) provides that a chemical analysis of a person's breath, "in order to be considered valid" must be performed "substantially in accordance with methods approved" by HRS. The statute further indicates that

. . .insubstantial differences between approved techniques and actual testing procedures in any individual case shall not render the test results invalid. *Id.*

The result of a scientific test is admissible in evidence if the reliability of the test is generally accepted by scientists. *Coppolino v. State*, 223 So.2d 68, 70 (Fla. 2d DCA 1986), *app. dismissed*, 234 So.2d 120 (Fla. 1969), *cert. denied*, 399 U.S. 927 (1970). Thus, absent the above cited statutes, evidence of breathalyzer results would be admissible if the operator who administered the tests were to meet the general criteria of Section 90.702, Florida Statutes (1985) regarding testimony by experts. *See* McCormick, *Law of Evidence*, (2d ed. 1972) §§ 203, 209. However, Sections 316.1932(1)(f)1 and 316.1934(3) established a statutory foundation for the admissibility of breathalyzer test results. Before a trier of fact is permitted to hear and consider the test results, the State must demonstrate substantial compliance with HRS rules. The purpose of requiring compliance with testing procedures promulgated by HRS is to insure the accuracy of such tests. Fla. Admin. Code Rule 10D-42.022.

Rule 10D-42.024(1)(c) requires a qualified technician to inspect a breathalyzer machine "at least once each calendar month" for accuracy. Presumably, if a machine is found to be inaccurate during a monthly test, steps should be taken to diagnose and correct a problem. In the case at bar, monthly tests conducted before and after the one administered to Defendant showed deviations which exceeded the acceptable standard for accuracy. Nothing in the evidence indicated that anything was done to repair or recalibrate the machine for accuracy.

The State has argued that the deviation from the HRS rules, if any, is insubstantial and that the jury should be allowed to consider the evidence and draw its own conclusions about the test results. Defendant, however, does not challenge the testing procedures utilized in this case. Unlike HRS regulations controlling the mechanics of administering breath tests, the monthly and yearly accuracy tests can hardly be characterized as an "insubstantial" portion of the HRS rules. A machine that consistently errs in favor of the State does not substan-

**71**

tially comply with the Rule framework required by the controlling statutes as a precondition to admissibility. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Suppress the breathalyzer results in this case is granted.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida this 17th day of March, 1987.